**SO ORDERED.**

**SIGNED this 07 day of August, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

IN RE:

SEA HORSE REALTY & CONSTRUCTION, INC.,
    DEBTOR.

CASE NO. 11-07223-8-JRL

CHAPTER 11

---

SEA HORSE REALTY & CONSTRUCTION, INC.,
    Plaintiff

    v.

CITIMORTGAGE, INC.,
    Defendant

ADVERSARY PROCEEDING
NO. 11-00377-8-JRL

### ORDER

This matter comes before the court on the plaintiff's motion for partial summary judgment. A hearing was held in Raleigh, North Carolina on July 19, 2012.

### JURISDICTION AND PROCEDURE

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

## BACKGROUND

Sea Horse Realty & Construction, Inc. ("plaintiff") filed a voluntary petition under chapter 11 of the Bankruptcy Code on September 21, 2011. On June 9, 2003, Roscoe Lewis I Limited Partnership and Roscoe Lewis II Limited Partnership executed a general warranty deed conveying the real property known as Lot 2 shown on plat of "Northbank" ("the property") to plaintiff and recorded it in the Public Registry of Dare County, North Carolina. On January 21, 2005, Rickard B. Mercer ("Mercer") executed a promissory note to Lehman Brothers Bank, FSB ("Lehman") in the principal amount of $1,500,000.00 ("the Note") and individually executed a deed of trust in favor of Lehman, pledging the property as security for the note. On that date, Mercer was not the record owner of the property. The plaintiff was the record owner of the property and has remained the record owner since that date.

On January 19, 2010, Citimortgage, successor-in-interest to Lehman, ("defendant") filed a complaint in Dare County, North Carolina against the plaintiff seeking reformation of the relevant mortgage; a declaratory judgment that the defendant had a valid mortgage; to quiet title on the property; an equitable lien against the property; a declaration that the defendant's interest in the property was held in constructive trust; and a judicial sale of the property. On January 20, 2010, the defendant, in conjunction with the Dare County proceedings, filed a *lis pendens* against the property to protect its interest and provide public notice that it held an interest in the property. On December 1, 2011, the plaintiff filed this adversary proceeding against CitiMortgage, Inc. to determine the priority of liens against the bankruptcy estate. Defendant answered and asserted the allegations in the state court proceeding as compulsory counterclaims in this case. On May 8, 2012, the plaintiff filed this motion for partial summary judgment.

**DISCUSSION**

The plaintiff contends that the defendant has no security interest in the property because the deed of trust does not accurately identify the obligation that the defendant claims its secures. Further, the plaintiff argues that the deed of trust held by the defendant is "invalid and unenforceable," and the debtor in possession can exercise its strong-arm powers to invalidate the defendant's deed of trust, pursuant to 11 U.S.C. § 544(a)(1). In response, the defendant contends that because a notice of *lis pendens* was filed prior to the filing of the bankruptcy petition regarding the property, the debtor in possession cannot exercise its powers under § 544(a)(1) to defeat the defendant's interests in the property.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); FED. R. BANKR. P. 7056(a). Further, the court may deny a motion for partial summary judgment if a nonmovant shows by declaration, for specified reasons, that it cannot present facts essential to justify its opposition. FED. R. CIV. P. 56(d); FED. R. BANKR. P. 7056(d).

"Under section 544 of the Bankruptcy Code, a trustee on the date of the petition enjoys the status of, or may avoid any transfer of property of the debtor that is avoidable by, a hypothetical judicial lien creditor and, as to real property, a hypothetical bona fide purchaser." Ivester v. Miller, 398 B.R. 408, 415 (Bankr. M.D.N.C. 2008) (citations omitted). Exercising his strong-arm powers under § 544(a), "a trustee can disregard the rights of subsequent creditors taking priority after him, but his rights are subordinate to those with valid liens as of the petition

3

date." Id. (citations omitted).  Further, "the term 'judicial lien' means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36).  Pursuant to 11 U.S.C. § 1107(a), the debtor in possession in a chapter 11 case has the same avoidance powers as a trustee.

In North Carolina, the common law concept of *lis pendens* has been replaced by the provisions of N.C. Gen. Stat. §§ 1-116 to 1-120.2.  Pursuant to N.C. Gen. Stat. § 1-116(a), there are three types of actions where valid notice of *lis pendens* is proper: "(1) Actions affecting title to real property; (2) Actions to foreclose any mortgage or deed of trust or to enforce any lien on real property; and (3) Actions in which any order of attachment is issued and real property is attached."  George v. Admin. Office of Court, 142 N.C. App. 479, 482-483, 542 S.E.2d 699, 702 (2001); See also Cutter v. Cutter Realty Co., 265 N.C. 665, 667, 144 S.E.2d 882, 884 (1965).  The Supreme Court of North Carolina observed:

> The sole object of *lis pendens* is to keep the subject in controversy within the power of the court until final decree and to make it possible for courts to execute their judgments.  It gives notice of a claim of which otherwise a prospective purchaser would be ignorant.  All property which is the subject matter of suit under the doctrine of *lis pendens* is *res litigiosa* and is in *custodia legis*.

Massachusetts Bonding & Ins. Co. v. Knox, 220 N.C. 725, 727, 18 S.E.2d 436, 438-39 (1942).

Under the doctrine of *lis pendens*, "[w]hen a person buys property pending an action of which he has notice, actual or presumed, in which the title to it is in issue, from one of the parties to the action, he is bound by the judgment in the action . . . ."  Kelley v. CitiFinancial Servs., Inc., 205 N.C. App. 426, 431, 696 S.E.2d 775, 780 (2010) (citations omitted).  Further, pursuant to N.C. Gen. Stat. §1-118, the notice of *lis pendens* serves as "constructive notice to a purchaser

4

or *incumbrancer* of the property affected thereby; and every person whose conveyance or *incumbrance* is subsequently executed or subsequently registered is a subsequent purchaser or incumbrancer[.]" Id.; N.C. GEN. STAT. § 1-118.  In Kelley, the North Carolina Court of Appeals ruled that where a deed of trust was conveyed subsequent to a notice of *lis pendens*, the subsequent purchaser was bound by the judgment from the pending litigation.  Id. at 433, 696 S.E.2d at 781; See also Johnson v. Brown, 71 N.C. App. 660, 323 S.E.2d 389 (1984) (holding that mortgagee would be bound by a judicial determination of mortgagor's title because a *lis pendens* evidencing challenge of the conveyance to mortgagor was indexed prior to conveyance to mortgagee and any actual or constructive notice of pending litigation would bind mortgagee).

In addition, the law of North Carolina regarding *lis pendens* is consistent with the law from several surrounding states.  See Pond Place Partners, Inc. v. Poole, 351 S.C. 1, 16, 567 S.E.2d 881, 889 (2002) (observing that the purpose of *lis pendens* is "to inform a purchaser or encumbrancer that a particular piece of property is subject to litigation" and "binds [them] to all proceedings evolving from the litigation."); Shelley Constr. Co. v. Sea Garden Homes, Inc., 287 S.C. 24, 30, 336 S.E.2d 488, 492-93 (1985) (stating "[t]he filing of a lis pendens places a cloud on title which prevents the owner from freely disposing of the property before the litigation is resolved."); Palm Harbor Homes, Inc. v. Leader Funding, Inc., 70 Va. Cir. 31, 32 (2005) (stating "[t]he filing of a lis pendens . . . 'serves merely as notice of the pendency of the suit to anyone interested and a warning that he should examine the proceedings therein to ascertain whether the title to the property was affected or not by such proceeding'"); Citizens Nat'l Bank of Jessamine County v. Washington Mut. Bank, 309 S.W.3d 792, 795-96 (Ky. Ct. App. 2010) (observing that the Supreme Court of Kentucky defined *lis pendens* as "[a] notice, recorded in the chain of title

5

to real property . . . to warn all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome.").

In the present case, the defendant filed a complaint in state court as well as a notice of *lis pendens* on January 19, 2010. On September 21, 2011, the plaintiff filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Subsequently, on December 1, 2011, the debtor in possession filed the present adversary proceeding to determine the priority of liens against the bankruptcy estate pursuant to his powers under §544(a). As set out in In re Suggs, the trustee's strong-arm powers pursuant to § 544(a) are subject to all constructive notice provisions of the state where the trustee is attempting to assert said powers. In re Suggs, 355 B.R. 525, 527 (Bankr. M.D.N.C. 2006). Under North Carolina law, the filing of a *lis pendens* provides constructive notice to subsequent bona fide purchasers or incumbrancers of the pending litigation and binds them to the results of the pending litigation. Here, the filed *lis pendens* gave the debtor in possession constructive notice of the pending litigation over the property, and it is precluded from exercising § 544(a) strong-arm powers to include the property in the estate. Rather, it takes the property subject to the outcome of the pending litigation as to title.

## CONCLUSION

Based on the foregoing, the plaintiff's motion for partial summary judgment is **DENIED**.

**END OF DOCUMENT**