**SO ORDERED.**

**SIGNED this 17 day of June, 2013.**

_____

**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| IN RE: | |
| SEA HORSE REALTY & CONSTRUCTION, INC., | CASE NO. 10–06021–8–JRL |
| DEBTOR. | CHAPTER 11 |
| SEA HORSE REALTY & CONSTRUCTION, INC., | |
| PLAINTIFF, | ADVERSARY PROCEEDING |
| v. | NO. 11–-00377–8–JRL |
| CITIMORTGAGE, INC., SUCCESSOR–IN–INTEREST TO LEHMAN BROTHERS BANK, FSB, | |
| DEFENDANT. | |

**ORDER**

This matter came before the court on motion of CitiMortgage, Inc., successor–in–interest to Lehman Brothers Bank, FSB ("Lehman Brothers") (collectively "defendant") for a stay pending appeal of orders entered on February 1, 2013 and May 2, 2013, pursuant to Fed. R. Bankr. P. 8005,

1

which Sea Horse Realty & Construction, Inc. ("plaintiff") has opposed. A hearing was held on June 10, 2013, in Raleigh, North Carolina.

The court has set forth three detailed recitations of the facts and circumstances forming the crux of the present adversary proceeding; however, for purposes of clarity and the benefit of the record, the court will reiterate and supplement those facts where necessary.[1] The plaintiff filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on September 21, 2011 and commenced the above–captioned adversary proceeding against the defendant, seeking a determination that the deed of trust held by the defendant and the proof of claim arising therefrom in the amount of $1,785,986.02 were invalid. The deed of trust was executed by Rickard B. Mercer ("Mercer"), the plaintiff's president and sole shareholder, in favor of Lehman Brothers and encumbered real property located at 10007 Old Oregon Inlet Road, Nags Head, North Carolina ("real property").[2] The mistake that has plagued this transaction and formed the dispute between the parties is that the real property encumbered by the deed of trust is owned by the plaintiff, not

---

[1] For a more detailed factual recitation of the underlying transaction and dispute between the parties to this adversary proceeding see Sea Horse Realty & Construction, Inc. v. CitiMortgage, Inc. (In re Sea Horse Realty & Construction, Inc.), Adv. No. 11–00377, 2012 WL 3249548, at *3 (Bankr. E.D.N.C. Aug. 7, 2012) (denying the plaintiff's motion for partial summary judgment because "the filed *lis pendens* gave the debtor in possession constructive notice of the pending litigation over the property " and "precluded [the debtor–in–possession] from exercising § 544 strong–arm powers to include the [real] property in the estate[.]") (hereinafter "Sea Horse I"), Sea Horse Realty & Construction Inc. v. CitiMortgage, Inc. (In re Sea Horse Realty & Construction, Inc.), Adv. No. 11–00377, 2013 WL 412928 (Bankr. E.D.N.C. Feb. 1, 2013) (hereinafter "Sea Horse II"), and Sea Horse Realty & Construction Inc. v. CitiMortgage, Inc. (In re Sea Horse Realty & Construction, Inc.), Adv. No. 11–00377, 2013 WL 1856265 (Bankr. E.D.N.C. May 2, 2013) (hereinafter "Sea Horse III").

[2] The deed of trust was prepared by Lori Neal of Lehman Brothers and secured the repayment of the promissory note Mercer executed in favor of Lehman Brothers in the original principal amount of $1.5 million ("promissory note"). Thereafter, the promissory note, deed of trust and all obligations owed thereunder were transferred to the defendant by assignment.

Mercer.

On February 1, 2013, this court entered an order allowing the plaintiff's motion for summary judgment with respect to the defendant's first, second, third, fourth, fifth and seventh counterclaims, concluding that each was barred by the three–year statute of limitations under N.C. Gen. Stat. § 1–52(9). Sea Horse II, 2013 WL 412928, at *11 (finding, based on the pleadings, affidavits and other materials submitted by the parties, that summary judgment was appropriate because the defendant's counterclaims, which were based on the alleged mutual mistake in the deed of trust, were barred by the three–year statute of limitations). Thereafter, the defendant filed a motion for reconsideration, requesting the court's prior order allowing the plaintiff's motion for summary judgment be reconsidered based on the availability of new evidence and to correct clear errors of law or fact upon which it was based. On May 1, 2013, this court entered an order denying the defendant's motion for reconsideration because it "failed to supply the court with newly discovered evidence or demonstrate a clear error of law warranting the extraordinary remedy it s[ought]." See Sea Horse III, 2013 WL 1856265, at *6.

On May 16, 2013, the defendant filed its notice of appeal and the motion currently before the court, seeking a stay of this court's orders, entered on February 1, 2013 and May 1, 2013, pending appeal. On May 24, 2013, the plaintiff filed a response, which was subsequently amended on May 31, 2013, requesting that the defendant's motion for a stay pending appeal be denied or, in the alternative, allow the plaintiff to disburse a portion of the proceeds to pay certain classes of claims in accordance with its confirmed plan of reorganization.

The issuance of a stay of an judgment or order is governed by Fed. R. Bankr. P. 8005, which permits the bankruptcy court to "suspend or order the continuation of other proceedings in the case

under the [Bankruptcy] Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." Fed. R. Bankr. P. 8005. "The standard for determining if the issuance of a stay pending appeal is appropriate is similar to those factors considered under a preliminary injunction." In re Carroll, No. 09–01177, 2012 WL 6115709, at *1 (Bankr. E.D.N.C. Dec. 3, 2012) (citation omitted); accord In re Burcam Capital II, LLC, No. 12–04729, 2013 WL 1187882, at *1 (Bankr. E.D.N.C. Mar. 21, 2013).[3]  Summarizing the standard for issuing a stay pending appeal in the wake of Real Truth, this court in Carroll stated:

> A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. Only then may the court consider whether the balance of equities tips in the party's favor. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction.

---

[3]The previously–established sliding scale approach set out by the Fourth Circuit in Blackwelder Furniture Co. of Statesville v. Seiling Manufacturing Co., 550 F.2d 189 (4th Cir.1977), was expressly abrogated and overruled by the Fourth Circuit.  See Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346–47 (4th Cir. 2009), cert. granted, judgment vacated, 130 S. Ct. 2371, 176 L. Ed. 2d 764 (2010), reaffirmed in part, remanded, 607 F.3d 355 (4th Cir. 2010) ("Because of its differences with the Winter[v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008)] test, the Blackwelder balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit, as the standard articulated in Winter governs the issuance of preliminary injunctions not only in the Fourth Circuit but in all federal courts.").  The original decision in Real Truth was vacated by the Supreme Court in light of its decision in Citizens United v. Federal Election Commission, 558 U.S. 310 (2010), which prompted the Fourth Circuit to reissue Parts I and II of its earlier opinion in the case, 575 F.3d at 345–347, articulating the standard for the issuance of a preliminary injunction before remanding it to the district court for consideration in light of Citizens United. See Real Truth, 607 F.3d at 355.

Despite expressly overruling Blackwelder, the Fourth Circuit "has not yet made a clear statement about what standard should be applied in determining whether to grant a stay or injunction pending appeal." Ohio Valley Envtl. Coalition, Inc. v. U.S. Army Corps of Eng'rs, 890 F. Supp. 2d 688, 689 (S.D. W. Va. 2012); accord Carroll, 2012 WL 6115709, at *1 n.1.

2012 WL 6115709, at *2 (quoting Lanier v. Branch Bank & Trust, No. 3:12–416, 2012 WL 667034, at *1 (D.S.C. Feb. 28, 2012)).

In its motion, the defendant seeks a stay to prevent the distribution of the $1.4 million in proceeds received from the sale of the real property, which are currently being held in the trust account of plaintiff's counsel pending the outcome of this adversary proceeding. The defendant avers that these proceeds are the only assets available to it in the event it ultimately prevails on appeal. To avoid any prejudice, the defendant does not object to the payment of the sole remaining unsecured creditor's claim in the amount of $10,632.54 and administrative expenses incurred by plaintiff's counsel in amounts to be approved by the court, on the condition that such disbursements do not prejudice any arguments or defenses raised in the adversary proceeding or on appeal.

Based on the record, the court finds that a stay pending appeal is warranted under these circumstances. The defendant has demonstrated an arguable likelihood of success on the merits, given that the court resolved a statute of limitations issue on summary judgment, and the threat of irreparable harm if the proceeds are disbursed during the pendency of the appeal. The balance of equities also favors the defendant because depending on the outcome of the appeal, its claim arising from the deed of trust may be treated either as fully secured or wholly unsecured. In accordance with the concession made by defendant's counsel at the hearing, the plaintiff will be permitted to distribute a portion of the proceeds to pay its sole remaining unsecured creditor and the court–approved administrative expenses incurred by plaintiff's counsel.

Based on the foregoing and for the reasons stated by the court in its ruling at the conclusion of the hearing, the motion for stay pending appeal is **ALLOWED** and the effect of the court's orders, entered on February 1, 2013 and May 2, 2013, are stayed pending resolution of the appeal

taken by the defendant to the district court.  The plaintiff will be permitted to disburse a portion of the funds held in its counsel's trust account to pay the remaining unsecured creditor and administrative expenses approved by the court.  The balance of the funds will remain in the trust account of plaintiff's counsel pending the outcome of the appeal.

**END OF DOCUMENT**